IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF PENNSYLVANIA

| | |
|---|---|
| JOANN CAMPBELL, | CIVIL ACTION |
| Plaintiff, | |
| v. | NO. _____ |
| ARAMARK CORPORATION, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

Plaintiff Joann Campbell ("Plaintiff") brings this lawsuit against Aramark Corporation ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§ 1331 and 1332.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an individual residing in Bellmawr, New Jersey.

4. Defendant is a corporate entity headquartered in Philadelphia, Pennsylvania.

5. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

1

6. Defendant's annual gross volume of business done exceeds $500,000 (exclusive of excise taxes at the retail level which are separately stated).

7. Defendant is an employer covered by the record-keeping, minimum wage, wage payment, and overtime mandates of the FLSA.

## THE RELEVANT TIME PERIOD

8. The FLSA permits Plaintiff to recover unpaid wages and liquidated damages for up to three years prior to the filing of this lawsuit. Moreover, the illegal pay practices alleged in this lawsuit ceased in approximately March 2009. Thus, the allegations described herein concern Plaintiff's employment during the relevant time period from April 2008 until approximately March 2009.

## FACTS

9. Defendant provides "food service solutions" to hundreds of venues throughout the United States, including the Adventure Aquarium in Camden, New Jersey, the Susquehanna Bank Center in Camden, New Jersey, the Wachovia Center (now called the Wells Fargo Center) in Philadelphia, Pennsylvania, and the former Wachovia Spectrum in Philadelphia, Pennsylvania.

10. Plaintiff was employed by Defendant and was paid on an hourly basis.

11. Plaintiff's regular, full-time assignment was as the Café Manager assigned to the restaurant facility serviced by Defendant at the Camden Aquarium. Plaintiff regularly worked 40 hours per week at the Camden Aquarium.

12. In addition to her full-time assignment, Plaintiff routinely worked extra evening and weekend shifts at other facilities serviced by Defendant, including, but not limited to, the Susquehanna Center, the Wachovia Center, and the Wachovia Spectrum. Such extra

evening/weekend work opportunities arose when sporting events, concerts, and other events were taking place at these facilities.

13. Between her full-time assignment at the Camden Aquarium and her evening/weekend work at other facilities, Plaintiff regularly worked in excess of 40 hours per week. Yet, on such occasions, Defendant failed to pay Plaintiff any overtime premium pay for her combined work hours.

14. In failing to pay Plaintiff the legally mandated overtime premium for hours worked over 40 in a workweek, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions, such as, for example, the requirement that overtime premium pay is due whenever an employee's **combined** work hours (regardless of the job assignment) exceed 40 hours during the workweek. See, e.g., 29 C.F.R. § 778.103.

## COUNT I

15. All previous paragraphs are incorporated as though fully set forth herein.

16. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

17. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

18. Plaintiff is a covered employee entitled to the above-described FLSA protections.

19. Defendant violated the FLSA by failing to pay Plaintiff the legally mandated overtime premium.

20. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## JURY DEMAND

Plaintiff demands a jury trial for all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Back pay damages and prejudgment interest to the fullest extent permitted under the law;

B. Liquidated damages to the fullest extent permitted under the law;

C. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

D. Such other and further relief as this Court deems just and proper.

Date: March 31, 2011

/s/ Peter Winebrake
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
THE WINEBRAKE LAW FIRM, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone: (215) 884-2491